Dear Director Ward,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 May the Director of the Department of Corrections establish a policy that prohibits a person possessing a valid Self Defense Act license from storing firearms in a locked vehicle in a parking area on prison property where prisoners are located?
 I. The Possession Of Firearms Where Prisoners Are Located
¶ 1 Title 57 O.S. 2001, § 21[57-21] provides in pertinent part:
 A. Any person who, without authority, brings into or has in his or her possession in any jail or state penal institution or other place where prisoners are located, any gun, knife, bomb or other dangerous instrument . . . shall be guilty of a felony and is subject to imprisonment in the State Penitentiary for not less than one (1) year or more than five (5) years, or a fine of not less than One Hundred Dollars ($100.00) or more than One Thousand Dollars ($1,000.00), or both such fine and imprisonment.
Id.
¶ 2 This statute makes it a felony for any person to possess a gun in a "state penal institution or other place where prisoners are located" without authority. Id. To answer your question, it is necessary to determine whether a person possessing a valid Self Defense Act license has authority to possess and store a firearm in a "state penal institution or other place where prisoners are located." Whether a particular area is a "state penal institution or other place where prisoners are located" is a question of fact, and is not a proper subject for an official Opinion of the Attorney General. 74 O.S. 2001, § 18b[74-18b](A)(5).
¶ 3 The Oklahoma Self-Defense Act ("SDA"), 21 O.S. 2001, and Supp. 2004, §§ 1290.1 through 1290.26, allows qualified persons to be licensed to carry concealed weapons under certain conditions. The SDA provides, "[a] concealed handgun license when issued shall authorize the person to whom the license is issued to carry a loaded or unloaded concealed handgun as authorized by the provisions of the Oklahoma Self-Defense Act, and any future modifications thereto." 21 O.S. Supp. 2004, § 1290.5[21-1290.5](A). However, Section 1290.7 of the SDA provides, in relevant part:
 The authority to carry a concealed handgun pursuant to a valid handgun license as authorized by the provisions of the Oklahoma Self-Defense Act, Sections 1 through 25 of this act, shall not be construed to authorize any person to:
. . . .
 2. Carry or possess any pistol in any manner or in any place otherwise prohibited by law[.]
Id. (emphasis added).
¶ 4 Title 21 O.S. 2001, § 1277[21-1277] addresses the possession of firearms on prison property by SDA licensees. It provides in pertinent part:
 A. It shall be unlawful for any person in possession of a valid concealed handgun license issued pursuant to the provisions of the Oklahoma Self-Defense Act, Section 1290.1 et seq. of this title, to carry any concealed handgun into any of the following places:
. . . .
 3. Any prison, jail, detention facility or any facility used to process, hold, or house arrested persons, prisoners or persons alleged delinquent or adjudicated delinquent;
. . . .
 B. For purposes of paragraphs 1, 2, 3, 5 and 6 of subsection A of this section, the prohibited place does not include and specifically excludes the following property:
 a. any property set aside for the use of any vehicle, whether attended or unattended, by a city, town, county, state, or federal governmental authority,
. . . .
 c. any property adjacent to a structure, building, or office space in which concealed weapons are prohibited by the provisions of this section, and
. . . .
 Nothing contained in any provision of this subsection shall be construed to authorize or allow any person in control of any place described in paragraph 1, 2, 3, 5 or 6 of subsection A of this section to establish any policy or rule that has the effect of prohibiting any person in lawful possession of a concealed handgun license from possession of a handgun allowable under such license in places described in paragraph a, b, c or d of this subsection.
Id.
¶ 5 Subsection (A)(3) of Section 1277 prohibits an SDA licensee from carrying a concealed handgun into a prison. However, subsection (B)(a) specifically excludes from the prohibition prison property "set aside for the use of any vehicle, whether attended or unattended." A parking area is property "set aside for the use of any vehicle, whether attended or unattended." Therefore, it is lawful, under Section 1277, for an SDA licensee to possess and carry a concealed weapon into a parking area located on prison property. However, 21 O.S. 2001, § 1290.7[21-1290.7](2) states that the SDA does not authorize a licensee to possess a gun in a place otherwise prohibited by law. Because 57 O.S.2001, § 21[57-21](A) prohibits the possession of a gun in a "place where prisoners are located," an SDA licensee may not possess a gun in a parking area on prison property, if it is an area where prisoners are located. Whether a particular parking area is an area where prisoners are located is a question of fact that cannot be answered by an Opinion of the Attorney General. 74O.S. 2001, § 18b[74-18b](A)(5). Rather, the State Board of Corrections and the Director of the Department of Corrections may designate, through their power to establish policy and regulations, the areas on prison property that are areas where prisoners are located. 57 O.S. 2001, §§ 504[57-504](b)(1), (6); 507(b).
 II. The Prohibition Of The Possession Of Firearms In Locked Vehicles
¶ 6 You ask whether the Director of the Department of Corrections may prohibit an SDA licensee from storing firearms in a locked vehicle located in the parking area of a prison. The recent amendment by the Forty-Ninth Legislature, 2004 Second Regular Session of 21 O.S. 2001, § 1290.22[21-1290.22], H.B. 2122 with an effective date of November 1, 2004, answers your question. See
2004 Okla. Sess. Laws ch. 39, § 2. Section 1290.22 of the SDA now reads:
BUSINESS OWNER'S RIGHTS
 A. Except as provided in subsection B of this section, nothing contained in any provision of the Oklahoma Self-Defense Act, Section 1290.1 et seq. of this title, shall be construed to limit, restrict or prohibit in any manner the existing rights of any person, property owner, tenant, employer, or business entity to control the possession of weapons on any property owned or controlled by the person or business entity.
 B. No person, property owner, tenant, employer, or business entity shall be permitted to establish any policy or rule that has the effect of prohibiting any person, except a convicted felon, from transporting and storing firearms in a locked vehicle on any property set aside for any vehicle.
Id.
¶ 7 Section 1 of H.B. 2122 enacted a new law, codified at 21O.S. Supp. 2004, § 1289.7a[21-1289.7a], which provides:
 No person, property owner, tenant, employer, or business entity shall be permitted to establish any policy or rule that has the effect of prohibiting any person, except a convicted felon, from transporting and storing firearms in a locked vehicle on any property set aside for any vehicle.
Id.
¶ 8 These enactments prohibit a "person, property owner, tenant, [or] employer" from establishing a policy or rule that prohibits "any person, except a convicted felon, from transporting and storing firearms in a locked vehicle on any property set aside for any vehicle." Id. The Department of Corrections is included in one or more of the capacities identified as being subject to the general prohibition. The Department of Corrections is governed by the State Board of Corrections. 57 O.S. Supp. 2004, § 503[57-503]. The State Board of Corrections has the power "[t]o establish policies for the operation of the Department" and "[t]o appoint . . . the Director[.]" 57 O.S. 2001, § 504[57-504](b)(1), (6). The Director is the executive officer of the Department and has the power "[t]o prescribe rules and regulations for the operation of the Department, consistent with the general policies established by the Board." Id. § 507(b). Therefore, Sections 1290.22(B) and 1289.7a prohibit the State Board of Corrections and the Director of the Department of Corrections from establishing a policy or rule that prohibits any person, except a convicted felon, from storing firearms in a locked vehicle in a parking area located on prison property. However, the Board and the Director may establish a policy or rule that prohibits a person from storing firearms in a locked vehicle in a parking area located on prison property, if the parking area is designated as an area where prisoners are located. 57 O.S. 2001, § 21[57-21](A). It is a felony to possess a gun in such an area. Id.
 ¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The Director of the Department of Corrections and the State Board of Corrections may establish a policy or rule that prohibits a person from transporting or storing a firearm in a locked vehicle located in a parking area on prison property, if it is an area where prisoners are located. 21 O.S. 2001 Supp. 2004, §§ 1277(B)(a), 1289.7a, 1290.22(B); 57 O.S. 2001, §§ 21(A), 504(b)(1), 507(b).
 2. No person may possess or store a firearm in a prison or other place where prisoners are located without authority to do so. 57 O.S. 2001, § 21(A).
 3. An Oklahoma Self-Defense Act licensee has the authority to possess or store a firearm in a parking area located on prison property, unless it is an area where prisoners are located. 21 O.S. 2001, § 1277(B)(a); 57 O.S. 2001, § 21(A).
 4. Whether a particular location is an area where prisoners are located is a question of fact and may not be answered by an Opinion of the Attorney General. 74 O.S. 2001, § 18b(A)(5). The Director of the Department of Corrections and the State Board of Corrections may designate which areas of its property are areas where prisoners are located. 57 O.S. 2001, §§ 504(b)(1), 507(b).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 D. CASEY DAVIS Assistant Attorney General